IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01217-BNB

TERRENCE S. REDWINE,

    Applicant,

v.

ANGEL MEDINA, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

    Applicant, Terrence S. Redwine, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Limon, Colorado. Mr. Redwine initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1). However, he is not challenging his conviction. Rather, he is challenging the second revocation of his probation and subsequent resentencing to a four-year term of imprisonment.

    On May 10, 2012, Magistrate Judge Boyd N. Boland ordered Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A), if Respondents intended to raise either or both of defenses in this action. On May 24, 2012, Respondents filed a pre-answer response (ECF No. 8) to the habeas corpus application, arguing that Mr. Redwine's claims are unclear and unexhausted except perhaps part of claim three. On June 6, 2012, Mr. Redwine filed a reply to

Respondents' pre-answer response.

The Court must construe the application liberally because Mr. Redwine is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Redwine will be directed to file an amended application.

On June 19, 2008, a jury convicted Mr. Redwine in Denver District Court Case No. 2007CR7213 on one count of distribution of a controlled substance. ECF No. 8, ex. A (state register of actions) at 10. On July 22, 2008, he was sentenced to three years of intensive supervised probation (ISP), with drug treatment as a condition of probation. ECF No. 8, ex. A at 9-10.

On September 4, 2008, Mr. Redwine appealed. ECF No. 8, ex. A at 9. On September 30, 2008, during the pendency of Mr. Redwine's direct appeal, the trial court revoked probation after Mr. Redwine admitted a probation violation. ECF No. 8, ex. A at 8. The trial court regranted three years of ISP, with ninety days in jail and in-patient drug treatment as a condition of probation. *Id.* Neither Mr. Redwine nor Respondents make clear whether Mr. Redwine appealed from his first resentencing.

On June 16, 2009, again during the pendency of direct appeal, the trial court, after a hearing, revoked probation a second time, resentencing Mr. Redwine to a four-year prison sentence, plus sixty months of mandatory parole. ECF No. 8, ex. A at 7. On July 6, 2010, Mr. Redwine initiated an appeal from the revocation and resentencing. ECF No. 8, ex. A at 6, ex. H ("Motion to Accept the Notice of Appeal and Designation of Record as Timely Filed") at 1-3.

On January 20, 2011, the Colorado Court of Appeals affirmed the judgment of conviction entered on the jury verdict finding Mr. Redwine guilty of unlawful distribution of a controlled substance. ECF No. 8, ex. I (*People v. Redwine*, No. 08CA1835 (Colo. Ct. App. Jan. 20, 2011) (not published)). The information submitted in support of Respondents' pre-answer response shows that the Colorado Supreme Court denied certiorari review on differing dates, including March 19, 2011 (ECF No. 8, ex. J); March 22, 2011 (ECF No. 8, ex. A at 5); or April 21, 2011 (ECF No. 8, ex. A at 6).

On July 11, 2011, when the appeal from the second revocation was pending, Mr. Redwine filed a postconviction motion pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure seeking reconsideration of the four-year prison term imposed after the second revocation. ECF No. 8, ex. A at 5. On September 21, 2011, the trial court denied the motion. Mr. Redwine did not appeal.

On November 17, 2011, the Colorado Court of Appeals affirmed the probation revocation and four-year prison sentence. ECF No. 8, ex. D (*People v. Redwine*, No. 10CA1370 (Colo. Ct. App. Nov. 17, 2011) (not published)). On March 19, 2012, the Colorado Supreme Court denied certiorari review. ECF No. 8, ex. B.

On May 9, 2012, Mr. Redwine filed the instant habeas corpus application asserting three claims. ECF No. 1. As noted above, Respondents argue that none of Mr. Redwine's claims, except perhaps part of claim three, is exhausted. Mr. Redwine must exhaust state court remedies before he may pursue his claims in a habeas corpus action in this Court. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation

requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner seeking habeas corpus relief in federal court bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents also argue that Mr. Redwine's claims are unclear, and the Court agrees. The Court will not speculate as to what, if any, federal constitutional claims Mr. Redwine may be trying to assert. The Court must construe Mr. Redwine's filings liberally, but is not required to fashion his arguments for him where his allegations are merely conclusory or suggestive in nature and are without supporting factual averments.

*See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Pleading in § 2254 federal habeas corpus cases is governed by Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (Section 2254 Rules), which requires more specific pleading than the rules governing ordinary civil cases. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (Notice pleading is not sufficient; the petition is expected to state facts that point to "a real possibility of constitutional error."); *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970) (same); *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (Section 2254 Rule 2(c), which is more demanding than Rule 8(a) of the Federal Rules of Civil Procedure, requires the petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground.").

However, the Federal Rules of Civil Procedure do apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(4); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the basis for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Redwine's asserted claims are vague and generally unintelligible.  Therefore, Mr. Redwine will be directed to file an amended application asserting exhausted claims that comply with the pleading requirements of Rule 2(c) of the Section 2254 Rules and Rule 8 of the Federal Rules of Civil Procedure.  Failure to do so within the time allowed will result in the dismissal of the instant action.

Accordingly, it is

ORDERED that Applicant, Terrence S. Redwine, file **within thirty days from the date of this order**, an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 that complies with the pleading requirements of Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts and Rule 8 of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that Mr. Redwine shall obtain the Court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to use in submitting the amended application.  It is

FURTHER ORDERED that if Mr. Redwine fails within the time allowed to file an amended application as directed, the application will be denied and the action dismissed without prejudice and without further notice.

DATED June 29, 2012, at Denver, Colorado.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge