IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01217-BNB

TERRENCE S. REDWINE,

    Applicant,

v.

ANGEL MEDINA (Warden), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER DIRECTING RESPONDENTS TO FILE SECOND PRE-ANSWER RESPONSE

    As part of the preliminary consideration of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) filed on May 9, 2012, in this action and pursuant to *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008), the Court determined that a limited pre-answer response was appropriate. On May 10, 2012, Respondents were directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Section 2254 Rules) to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).

    On May 24, 2012, Respondents filed a pre-answer response (ECF No. 8) to the habeas corpus application, arguing that Mr. Redwine's claims were unclear and unexhausted, except perhaps part of claim three. On June 6, 2012, Mr. Redwine filed a reply (ECF No. 11) to Respondents' pre-answer response characterized as a motion to dismiss the pre-answer response.

On June 29, 2012, Magistrate Judge Boland entered an order (ECF No. 13) directing Mr. Redwine to file within thirty days an amended application asserting exhausted claims that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The June 29 order noted that Mr. Redwine was not challenging his conviction, but rather the second revocation of his probation and subsequent resentencing to a four-year term of imprisonment.

On July 12, 2012, Mr. Redwine filed the amended application (ECF No. 14). Respondents will be directed pursuant to Rule 4 of the 2254 Rules to file a second pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) as to the amended application. If Respondents do not intend to raise either of these affirmative defenses, they must notify the Court of that decision in the second pre-answer response. Respondents may not file a dispositive motion as their second pre-answer response, or an answer, or otherwise address the merits of the claims in response to this order.

In support of the second pre-answer response, Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the pre-answer response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies. Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and

whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court.

Accordingly, it is

ORDERED that **within twenty one (21) days from the date of this order** Respondents shall file a second pre-answer response that complies with this order. It is

FURTHER ORDERED that **within twenty one (21) days of the filing of the second pre-answer response** Applicant may file a reply, if he desires. It is

FURTHER ORDERED that if Respondents do not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, they must notify the Court of that decision in the second pre-answer response.

Dated: July 17, 2012

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge