IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01217-LTB-KLM

TERRENCE S. REDWINE,

    Applicant,

v.

ANGEL MEDINA (Warden), and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO] JOHN W. SUTHERS,

    Respondents.

---

ORDER TO DISMISS IN PART AND FOR ANSWER

---

    Applicant, Terrence S. Redwine, is a prisoner in the custody of the Colorado Department of Corrections who was incarcerated at the correctional facility in Limon, Colorado, when he filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 14) challenging the second revocation of his probation and subsequent resentencing to a four-year term of imprisonment. He is not challenging his conviction. On August 24, 2012, he filed a notice of change of address (ECF No. 18) informing the Court he will be on parole effective August 29, 2012. He has paid the $5.00 filing fee.

    On May 10, 2012, Magistrate Judge Boyd N. Boland ordered Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A), if Respondents intended to raise either or both of defenses in this action. On May 24, 2012, Respondents filed a pre-answer response (ECF No. 8) to the habeas

corpus application, arguing that Mr. Redwine's claims were unclear and unexhausted except perhaps part of claim three.  On June 6, 2012, Mr. Redwine filed a reply (ECF No. 11) to Respondents' pre-answer response.

On June 29, 2012, the Court ordered Mr. Redwine to file within thirty days an amended application asserting exhausted claims that comply with the pleading requirements of Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts and Rule 8 of the Federal Rules of Civil Procedure.  ECF No. 13. On July 12, 2012, Mr. Redwine filed the amended application (ECF No. 14).

On July 17, 2012, the Court ordered Respondents to file a second pre-answer response to the amended application.  On July 26, 2012, Respondents filed the second pre-answer response (ECF No. 16).  On August 17, 2012, Mr. Redwine filed a reply titled "Motion to Dismiss Pre-Answer Response and Dismiss Claim One and Claim Two" (ECF No. 17), asking to dismiss his first and second claims and proceed only on his third claim.

The Court must construe Mr. Redwine's filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the amended application will be dismissed in part.

On June 19, 2008, a jury convicted Mr. Redwine in Denver District Court Case No. 07CR7213 on one count of distribution of a controlled substance.  ECF No. 8, ex. A (state register of actions) at 10.  On July 22, 2008, he was sentenced to three years of intensive supervised probation (ISP), with drug treatment as a condition of probation.

ECF No. 8, ex. A at 9-10.

On September 4, 2008, Mr. Redwine appealed.  ECF No. 8, ex. A at 9.  On September 30, 2008, during the pendency of Mr. Redwine's direct appeal, the trial court revoked probation after Mr. Redwine admitted a probation violation.  ECF No. 8, ex. A at 8.  The trial court regranted three years of ISP, with ninety days in jail and inpatient drug treatment as a condition of probation.  *Id.*  Neither Mr. Redwine nor Respondents make clear to the Court whether Mr. Redwine appealed from his first resentencing.

On June 16, 2009, again during the pendency of direct appeal, the trial court, after a hearing, revoked probation a second time, resentencing him to a four-year prison sentence, plus sixty months of mandatory parole.  ECF No. 8, ex. A at 7.  On July 6, 2010, Mr. Redwine initiated an appeal from the revocation and resentencing.  ECF No. 8, ex. A at 6, ex. H ("Motion to Accept the Notice of Appeal and Designation of Record as Timely Filed") at 2-3.

On January 20, 2011, the Colorado Court of Appeals affirmed the judgment of conviction entered upon the jury verdict finding Mr. Redwine guilty of unlawful distribution of a controlled substance.  ECF No. 8, ex. I (*People v. Redwine*, No. 08CA1835 (Colo. Ct. App. Jan. 20, 2011) (not published)).  The information submitted in support of Respondents' pre-answer response shows that the Colorado Supreme Court denied certiorari review on differing dates, including March 19, 2011 (ECF No. 8, ex. J), March 22, 2011 (ECF No. 8, ex. A at 5), and April 21, 2011 (ECF No. 8, ex. A at 6).

On July 11, 2011, when the appeal from the second revocation was pending, Mr. Redwine filed a postconviction motion pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure seeking reconsideration of the four-year prison term imposed after

the second revocation. ECF No. 8, ex. A at 6. On September 21, 2011, the trial court denied the motion. ECF No. 8, ex. A at 5. Mr. Redwine did not appeal.

On November 17, 2011, the Colorado Court of Appeals affirmed the probation revocation and four-year prison sentence. ECF No. 8, ex. D (*People v. Redwine*, No. 10CA1370 (Colo. Ct. App. Nov. 17, 2011) (not published)). On March 19, 2012, the Colorado Supreme Court denied certiorari review. ECF No. 8, ex. B.

On May 9, 2012, Mr. Redwine filed his original habeas corpus application asserting three claims (ECF No. 1). On July 12, 2012, he filed the amended application also asserting three claims (ECF No. 14). Since Mr. Redwine has moved to dismiss voluntarily his first and second claims and proceed only with claim three, *see* ECF No. 17 at 1, the Court need not address further claims one and two.

In claim three, Mr. Redwine contends that the four-year prison sentence imposed following the second revocation is illegal. ECF No. 14 at 8. As background support for claim three, Mr. Redwine asserts he initially was sentenced to probation. When that probation was revoked the first time, the trial court imposed a ninety-day jail sentence, and directed his counsel to get him into an inpatient treatment program and return him to the court before the expiration of the jail term. ECF No. 14 at 5. However, he contends, defense counsel failed either to secure his admission to inpatient treatment or return him to court before, or after, the jail term expired. ECF No. 14 at 7. He then was released from jail, but failed to report to the probation department. *Id.* He claims that at or near the time of his release, the Denver County Sheriff failed to inform him of his obligation to report to probation. Moreover, he argues, neither the Denver probation department nor the Denver Jail records informed him of such an obligation. ECF No. 14

at 8. Thus, he believed he was released from jail "time served," *id.*, and had no obligation to report to, or comply with, probation. He subsequently was arrested, and suffered the second revocation and prison sentence challenged here. ECF No. 14 at 12.

Respondents argue that claim three, i.e., that the four-year prison sentence imposed following the second revocation is illegal, either is not cognizable or is exhausted. A federal habeas court is limited to deciding whether a conviction violated "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas courts have no jurisdiction to decide that a particular state sentence is consistent with state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982). To the extent claim three asserts that the trial court violated state law by imposing a four-year prison sentence, this Court may not entertain it. *See, e.g.*, *Martin v. Solem*, 801 F.2d 324, 331 (8th Cir. 1986) ("With the exception of due process claims, state prisoners' claims of error involving sentencing, parole, probation, and revocation of probation or parole are matters governed by state law that are not cognizable in federal habeas corpus proceedings.").

However, Respondents also argue it is possible to read claim three and its supporting background allegations as asserting a claim of insufficient evidence, i.e., that the evidence fails to support a conclusion, by a preponderance of evidence, that Mr. Redwine violated probation after his release from the ninety-day jail term. Respondents maintain Mr. Redwine exhausted this claim.

On appeal from the second revocation, Mr. Redwine argued a Fourteenth Amendment due process violation resulting from the failure of the state's evidence to establish a probation violation by a preponderance of the evidence. ECF No. 8, ex. G (opening brief) at 14-18. He specifically argued that the Fourteenth Amendment requires a showing that a probationer "unreasonably or willfully failed to comply with the terms of his probation before the state can revoke probation." ECF No. 8, ex. G at 16. On certiorari review, he raised the same argument. ECF No. 8, ex. C (petition for writ of certiorari) at 10. These allegations were sufficient to alert the state appellate courts that Mr. Redwine was asserting a claim that the evidence was insufficient to sustain the probation revocation. *See Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004).

For the reasons stated above, the application will be denied in part.

Accordingly, it is

ORDERED that Applicant's motion to dismiss claims one and two (ECF No. 17) is granted, and claims one and two are dismissed voluntarily without prejudice. It is

FURTHER ORDERED that, to the extent claim three asserts that the trial court violated state law by imposing a four-year prison sentence, the claim is dismissed as not cognizable in a habeas corpus action. It is

FURTHER ORDERED that, to the extent claim three asserts a federal constitutional claim that the evidence was insufficient to sustain the probation revocation, the claim is exhausted. It is

FURTHER ORDERED that **within thirty days of the filing of the state court record** Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of exhausted claim three, the only remaining claim. Respondents will be directed to file the state court record by separate order. It is

FURTHER ORDERED that **within thirty days** of the filing of the answer Applicant, Terrence S. Redwine, may file a reply, if he desires.

DATED at Denver, Colorado, this   11th   day of    September    , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court