IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Lewis T. Babcock

Civil Action No. 12-cv-01217-LTB-KLM

TERRENCE S. REDWINE,

    Applicant,

v.

ANGEL MEDINA (Warden), and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO] JOHN W. SUTHERS,

    Respondents.

---

## ORDER DENYING 28 U.S.C. § 2254 APPLICATION

---

    Applicant, Terrence S. Redwine, was a prisoner in the custody of the Colorado Department of Corrections and incarcerated at the correctional facility in Limon, Colorado, when he filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the second revocation of his probation and subsequent resentencing to a four-year term of imprisonment. He does not challenge his conviction. He currently is on parole. He has paid the $5.00 filing fee. ECF No. 12.

    On May 10, 2012, Magistrate Judge Boyd N. Boland ordered Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A), if Respondents intended to raise either or both of defenses in this action. On May 24, 2012, Respondents filed a pre-answer response (ECF No. 8) to the habeas corpus application, arguing that Mr. Redwine's claims were unclear and unexhausted

except perhaps part of claim three. On June 6, 2012, Mr. Redwine filed a reply (ECF No. 11) to Respondents' pre-answer response.

On June 29, 2012, the Court ordered Mr. Redwine to file within thirty days an amended application asserting exhausted claims that complied with the pleading requirements of Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts and Rule 8 of the Federal Rules of Civil Procedure. ECF No. 13. On July 12, 2012, Mr. Redwine filed the amended application (ECF No. 14).

On July 17, 2012, the Court ordered Respondents to file a second pre-answer response to the amended application. On July 26, 2012, Respondents filed the second pre-answer response (ECF No. 16). On August 17, 2012, Mr. Redwine filed a reply titled "Motion to Dismiss Pre-Answer Response and Dismiss Claim One and Claim Two" (ECF No. 17), asking to dismiss his first and second claims and proceed only on his third claim. On August 24, 2012, he filed a notice of change of address (ECF No. 18) informing the Court he would be on parole effective August 29, 2012.

On September 11, 2012, the Court entered an order (ECF No. 23) granting Mr. Redwine's August 17 motion to dismiss claims one and two, dismissing as not cognizable in a habeas corpus action claim three to the extent it asserted that the trial court violated state law by imposing a four-year prison sentence, and ordering an answer from Respondents within thirty days as to the remaining and exhausted portion of claim three asserting that the evidence was insufficient to sustain the probation revocation. The September 11 order allowed Mr. Redwine to file a reply, if he desired, within thirty days from the filing of the Respondents' answer. Also on September 11 the Court entered a separate order (ECF No. 21) for the state court record.

On October 12, 2012, the state court record was filed. *See* ECF No. 25. On November 19, 2012, the Court entered a second order (ECF No. 26) for Respondents to file within fourteen days the answer, which had not been filed by November 11, 2012, as directed. On November 28, 2012, Respondents filed their answer (ECF No. 27). Later on November 28, Respondents filed an amended answer (ECF No. 28). Mr. Redwine did not file a reply.

On April 11, 2013, the Court entered an order for a supplemental state court record because the record submitted on October 12 was missing the complete transcript from the second revocation hearing held on June 16, 2009, which was pertinent to the remaining claim in Mr. Redwine's amended application pending before the Court. On April 29, 2013, after an extension of time, the supplemental state court record was filed.

The Court must construe Mr. Redwine's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, remaining claim three and the amended application will be dismissed.

### I. Factual and Procedural Background

On June 19, 2008, a jury convicted Mr. Redwine in Denver District Court Case No. 07CR7213 on one count of distribution of a controlled substance. ECF No. 8, ex. A (state register of actions) at 10. On July 22, 2008, he was sentenced to three years of intensive supervised probation (ISP), with drug treatment as a condition of probation. ECF No. 8, ex. A at 9-10.

On September 4, 2008, Mr. Redwine appealed. ECF No. 8, ex. A at 9. On September 30, 2008, during the pendency of Mr. Redwine's direct appeal, the trial court revoked probation after Mr. Redwine admitted a probation violation. ECF No. 8, ex. A at 8. The trial court regranted three years of ISP, with ninety days in jail and inpatient drug treatment as a condition of probation. *Id.* Respondents contend there is no indication in the state court record that Mr. Redwine appealed from this revocation and resentencing.

On June 16, 2009, again during the pendency of direct appeal, the trial court, after a hearing, revoked probation a second time, resentencing Mr. Redwine to a four-year prison sentence, plus sixty months of mandatory parole. ECF No. 8, ex. A at 7. On July 6, 2010, Mr. Redwine initiated an appeal from the revocation and resentencing. ECF No. 8, ex. A at 6, ex. H ("Motion to Accept the Notice of Appeal and Designation of Record as Timely Filed") at 2-3.

On January 20, 2011, the Colorado Court of Appeals affirmed the judgment of conviction entered upon the jury verdict finding Mr. Redwine guilty of unlawful distribution of a controlled substance. ECF No. 8, ex. I (*People v. Redwine*, No. 08CA1835 (Colo. Ct. App. Jan. 20, 2011) (not published)). The information submitted in support of Respondents' pre-answer response shows the Colorado Supreme Court denied certiorari review on differing dates, i.e., on March 19, 2011 (ECF No. 8, ex. J), March 22, 2011 (ECF No. 8, ex. A at 5), and April 21, 2011 (ECF No. 8, ex. A at 6).

On July 11, 2011, while the appeal from the second revocation was pending, Mr. Redwine filed a postconviction motion pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure seeking reconsideration of the four-year prison term imposed after

the second revocation. ECF No. 8, ex. A at 6. On September 21, 2011, the trial court denied the motion. ECF No. 8, ex. A at 5. Mr. Redwine did not appeal.

On November 17, 2011, the Colorado Court of Appeals affirmed the probation revocation and four-year prison sentence. ECF No. 8, ex. D (*People v. Redwine*, No. 10CA1370 (Colo. Ct. App. Nov. 17, 2011) (not published)). On March 19, 2012, the Colorado Supreme Court denied certiorari review. ECF No. 8, ex. B.

On May 9, 2012, Mr. Redwine filed his original habeas corpus application in this Court asserting three claims (ECF No. 1). On July 12, 2012, he filed the amended application also asserting three claims (ECF No. 14). On September 11, 2012, the Court entered its order (ECF No. 23) granting Mr. Redwine's August 17, 2012, motion to dismiss claims one and two, and dismissing as not cognizable in a habeas corpus action the portion of claim three asserting a state law claim. Pending before the Court is the remaining portion of claim three in which Mr. Redwine challenges his four-year prison sentence imposed following the second revocation as illegal.

## II. Analysis

### A. Standard of Review on the Merits

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Mr. Redwine bears the burden of proof under § 2254(d).  *See Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam).

A claim may be adjudicated on the merits in state court even in the absence of a statement of reasons by the state court for rejecting the claim.  *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011).  In particular, "determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."  *Id*. at 784.  Thus, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."  *Id*. at 784-85.  Even "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief."  *Id*. at 784.  In other words, the Court "owe[s] deference to the state court's *result*, even if its reasoning is not expressly stated."  *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999).  Therefore, the Court "must uphold the state court's summary decision unless [the Court's] independent review of the record and pertinent federal law persuades [the Court] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented."  *Id*. at 1178.  "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims."  *Id*.

Although *Richter* concerned a state-court order that did not address any of the defendant's claims, its presumption is applicable when a state-court opinion addresses

6

some but not all of those claims. *Johnson v. Williams*, 133 S. Ct. 1088, 1094-98 (2013). For purposes of § 2254(d), when a state court rules against a defendant in an opinion that rejects some of the defendant's claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. *Id.* at 1094-96. Federal habeas courts should not assume that any unaddressed federal claim simply was overlooked because a state court does not uniformly discuss separately every claim referenced by a defendant. *Id.*

The Court reviews claims of legal error and mixed questions of law and fact pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question the Court must answer under § 2254(d)(1) is whether Mr. Redwine seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id.* at 412. Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008). If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to § 2254(d)(1). *See id.* at 1018.

If a clearly established rule of federal law is implicated, the Court must determine

whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id.* at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id.* at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. Furthermore,

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations. [I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court.

*Richter*, 131 S. Ct. at 786 (citation and internal quotation marks omitted). In conducting this analysis, the Court "must determine what arguments or theories supported or . . . could have supported[] the state court's decision" and then "ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

Under this standard, "only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Maynard*, 468 F.3d at 671; *see also Richter*, 131 S. Ct. at 786 (stating that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable").

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 131 S. Ct. 786-87.

The Court reviews claims asserting factual errors pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Section 2254(d)(2) allows the Court to grant a writ of habeas corpus only if the relevant state

court decision was based on an unreasonable determination of the facts in light of the evidence presented to the state court. Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct and Mr. Redwine bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

If a claim was not adjudicated on the merits in state court, and if the claim also is not procedurally barred, the Court must review the claim *de novo* and the deferential standards of § 2254(d) do not apply. *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

### III. Claim Three

In the remaining portion of claim three, Mr. Redwine contends that the four-year prison sentence imposed following the second revocation is illegal. ECF No. 14 at 8.

As previously stated, Mr. Redwine initially was sentenced to probation. When that probation was revoked the first time, the trial court imposed a ninety-day jail sentence, and directed Mr. Redwine's counsel to get him into an inpatient treatment program and return him to the court before expiration of the jail term. ECF No. 14 at 5. However, Mr. Redwine contends defense counsel failed either to secure his admission to inpatient treatment or return him to court before, or after, the jail term expired. ECF No. 14 at 7. He then was released from jail, but failed to report to the probation department. *Id.* He claims that at or near the time of his release, the Denver County Sheriff failed to inform him of his obligation to report to probation. Moreover, he argues,

neither the Denver probation department nor the Denver Jail records informed him of such an obligation. ECF No. 14 at 8. Thus, he believed he was released from jail "time served," *id.*, and had no obligation to report to, or comply with, probation. He subsequently was arrested, and suffered the second revocation and prison sentence challenged here. ECF No. 14 at 12.

Respondents argue that claim three asserts a claim of insufficient evidence, i.e., that the evidence fails to support a conclusion, by a preponderance of evidence, that Mr. Redwine violated probation after his release from the ninety-day jail term. On appeal from the second revocation, Mr. Redwine argued a Fourteenth Amendment due process violation resulting from the failure of the state's evidence to establish a probation violation by a preponderance of the evidence. ECF No. 8, ex. G (opening brief) at 14-18. He specifically argued that the Fourteenth Amendment requires a showing that a probationer "unreasonably or willfully failed to comply with the terms of his probation before the state can revoke probation." ECF No. 8, ex. G at 16. On certiorari review, he raised the same argument. ECF No. 8, ex. C (petition for writ of certiorari) at 10.

The minimum requirements of due process at a parole or probation revocation hearing include: (1) written notice of the claimed violations of probation or parole; (2) disclosure to the probationer or parolee of the evidence against him or her; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the factfinders as to the evidence relied on and the reasons for revoking probation or parole. *Gagnon v. Scarpelli*, 411

U.S. 778, 786 (1973) (citing *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)).  The principles of fundamental justice and fairness afford a probationer or parolee a reasonable opportunity to explain away the accusation of a probation or parole violation. *See Morrissey*, 408 U.S. at 484, n.12.

The Colorado Court of Appeals, in addressing Mr. Redwine's appeal from the trial court's order revoking his probation and the sentence remanding him to DOC custody, determined as follows:

> Redwine first contends that the evidence did not establish that he violated his probation by a preponderance of the evidence because a police officer told him that a computer did not show he was on probation and he relied on the officer's representation.  We disagree.
>
> "Whether probation has been violated is a question of fact; whether probation should be revoked, once a violation is found, is within the discretion of the trial court." *People v. Ickler*, 877 P.2d 863, 866 (Colo. 1994); *see also People v. Elder*, 36 P.3d 172, 173 (Colo. App. 2001); *People v. Colabello*, 948 P.2d 77, 79 (Colo. App. 1997).  We will not disturb the trial court's decision to revoke probation unless the decision is "against the manifest weight of the evidence." *Elder*, 36 P.3d at 174.
>
> Because probation is a privilege, not a right, a court may revoke probation if a probationer violates any condition of a probation order.  *See Ickler*, 877 P.2d at 866; *Elder*, 36 P.3d at 173.  The prosecution has the burden of establishing a violation of a condition of probation by a preponderance of the evidence.  *See* § 16-11-206(3), C.R.S. 2011; *Ickler*, 877 P.2d at 866.  "The preponderance standard requires the fact finder to determine whether the existence of a contested fact is more probable than its nonexistence." *People v. Gay*, 24 P.3d 624, 627 (Colo. App. 2000).  The court need not find that a defendant "willfully or unreasonably" failed to comply with any terms of probation other than payment of restitution." *Colabello*, 948 P.2d at 80.
>
> The trial court is in the best position to assess the

credibility of witnesses and weigh the evidence. *See People v. Trujillo*, 189 Colo. 206, 209, 539 P.2d 1234, 1236 (1975). Thus, a court's finding that the probationer violated his probation "will not be disturbed merely because there is a conflict in the evidence." *Id.*

Here, the evidence in the record supports the trial court's conclusion that Redwine violated the terms of his probation. At the revocation hearing, Redwine's probation officer testified that, since the date he had filed the complaint, Redwine had pleaded guilty in the Denver County Court to possession of drug paraphernalia. The probation officer also testified that he had never seen Redwine because Redwine had not reported to probation and had not signed the terms and conditions of his probation.

Redwine testified that, when he was released from jail, he told the officer that he "was supposed to be still on probation" but that the officer told him the computer showed his "time [had] expired." However, Redwine responded, "Yes," when asked if it was clear to him that the court had granted him probation.

When his counsel inquired whether he "was under the impression that [he] needed to go to [the drug treatment facility]" when he was released from jail, Redwine responded, "No. No, no, no. I was supposed to be released . . . to probation." Redwine further testified that "as long as the computer was saying that, I went along with it, I let an error be an error."

The court found that Redwine's testimony that he thought his probation "just went away" did not "make sense," that it was not the first time Redwine had been on probation in this case, and that he had "some familiarity with the courtroom and the probation process" based on his record. The court further found that Redwine "admitted to violating the terms and condition[s] of [his] probation" and that the "failure to report to the probation [department] in and of itself is a violation."

Because its findings are supported by the evidence in the record, we conclude that the court did not abuse its discretion when it found that there was a violation and revoked Redwine's probation.

ECF No. 8, ex. D at 4-7.

The state court's factual findings are presumed correct in this proceeding and Mr. Redwine has not rebutted those findings with any clear and convincing evidence. The state appellate court reasonably concluded that sufficient evidence supported the trial court's decision to revoke probation, including Mr. Redwine's own admission that he violated the terms of his probation. Mr. Redwine had a reasonable opportunity to explain away the probation violation at his revocation hearing, *see Morrissey*, 408 U.S. at 484, n.12, and does not argue that the minimum requirements of due process at his revocation hearing were not met. *Id.* at 489; *see also Gagnon*, 411 U.S. at 786. Thus, the principles of fundamental justice and fairness were satisfied because Mr. Redwine received the process to which he was due under state law. Based on my review of the record, as supplemented, I do not find that the state appellate court's resolution of Mr. Redwine's Fourteenth Amendment due process claim, even though the state appeals court did not address the Fourteenth Amendment argument, *see Johnson*, 133 S. Ct. at 1094-98, was contrary to controlling Supreme Court law.

### IV.  Conclusion

For the reasons stated above, habeas corpus relief will be denied.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Redwine files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed.

R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application is denied, and the action is dismissed with prejudice. It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant, Terrence S. Redwine, has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  3rd  day of    May   , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court